47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth GADDIS, Plaintiff-Appellant,
v.
EMERY AIR FREIGHT CORP., Defendant-Appellee.
 No. 94-3104.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Kenneth Gaddis, proceeding pro se, appeals a district court order denying his motion to reactivate his employment discrimination action, construed as a motion for relief from judgment filed under Fed. R. Civ. P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On August 7, 1991, Gaddis filed a complaint against his former employer (Emery) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. In his complaint, Gaddis alleged that Emery had failed to provide him with a work environment free from racial harassment and sought unspecified compensation for mental stress. The Equal Employment Opportunity Commission issued a right to sue letter on May 22, 1991, after determining that the evidence presented by Gaddis did not establish a violation of Title VII.
 
 
 4
 Upon both parties' consent, the matter was referred to a magistrate judge for disposition. On May 13, 1992, the magistrate judge issued Gaddis an order to show cause within seven days why his action should not be dismissed for want of prosecution due to his failure to attend a scheduling conference. When Gaddis failed to respond, the magistrate judge dismissed the action without prejudice in an order filed on May 21, 1992. Gaddis's first motion to reinstate the complaint was denied because he had still failed to explain his failure to appear. The magistrate judge at the same time issued a judgment nunc pro tunc, dismissing Gaddis's complaint for want of prosecution.
 
 
 5
 Gaddis again sought reactivation of his case, this time arguing that he was being treated for a back injury incurred in March 1991 and was not aware of the conference he had missed; he assured the magistrate judge that he could now give full attention to the prosecution of his case. The magistrate judge ordered the case reopened and set another scheduling conference. Once again, Gaddis failed to appear and failed to either notify the court or request a continuation. Consequently, the magistrate judge vacated his earlier order reopening the case in an order filed on October 21, 1992. This time, Gaddis waited over a year before again moving to reactivate his case. The magistrate judge construed the motion as one for relief from judgment, filed pursuant to Rule 60(b) and denied the motion in an order filed on December 27, 1993. Several reasons were given for the denial: Gaddis had not signed his motion, no certificate of service was attached, and the motion itself was both untimely and failed to establish grounds for relief from judgment. Gaddis filed a timely notice of appeal from this order.
 
 
 6
 On appeal, Gaddis argues that the magistrate judge did not consider the fact that he did not have legal representation. He requests the appointment of counsel and oral argument in this appeal.
 
 
 7
 Upon review, we affirm the district court's order because that court did not abuse its discretion in denying Gaddis's motion for relief from judgment. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). The excuse Gaddis now offers for his prior inaction -- that he is proceeding without the benefit of an attorney -- is unpersuasive. The court has refused to excuse the failure of pro se litigants to adhere to court-imposed deadlines for which no sophisticated legal knowledge is required. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). Cf. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements); Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir. 1988) (out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, court adopts rule that no special treatment was to be afforded ordinary civil litigants who proceed pro se). In addition, we note that a Rule 60(b) motion cannot be used as a substitute for an appeal, and thus an appeal from an order denying Rule 60(b) relief does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); Amernational Indus. Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991).
 
 
 8
 Accordingly, we deny the requests for the appointment of counsel and for oral argument. The district court's order, entered on December 27, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation