James M. JOURDAN, Jr.,
Plaintiff–Appellant,

v.

John JABE; and L. Boyd,
Defendants–Appellees.

No. 90–1850.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 8, 1991.

Decided Dec. 16, 1991.

Appellant, James M. Jourdan, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 26, 1988. At that time, Jourdan was a prisoner in the custody of the Michigan Department of Corrections. He alleged that defendants, the warden and librarian of the State Prison of Southern Michigan, deprived him of several constitutional rights. Because the district court ultimately dismissed his complaint for failure to prosecute, the substantive merits of these claims are not now before us for review.

Both defendants answered Jourdan's complaint. Thereafter, the district court set a discovery cutoff date of May 15, 1989 and a motion cutoff date of June 15, 1989. After Jourdan filed a motion for extension of time, the court extended these deadlines until August 15, 1989 and September 15, 1989, respectively. The court further delayed these cutoff dates until November 1, 1989 and December 1, 1989 in response to a second motion for an extension.

On October 30, 1989, Jourdan filed a third motion for extension of time to conduct discovery and file dispositive motions. This motion was denied on January 4, 1990. In her order denying Jourdan's motion, the magistrate judge noted that no discovery requests had been filed with the court despite the previous extensions of time.

James M. Jourdan, Jr., pro se.

James C. Barnes, Jr., Southfield, Mich. (briefed), for plaintiff-appellant.

Chester S. Sugeriski, Jr., Office of Atty. Gen., Corrections Div., Lansing, Mich. (briefed), for defendants-appellees.

Before BOGGS and NORRIS, Circuit Judges, TIMBERS, Senior Circuit Judge.[*]

ALAN E. NORRIS, Circuit Judge.

This action presents a single question for our consideration: Does the relaxed pleading standard traditionally accorded *pro se* litigants extend to procedural matters, such as court-imposed discovery deadlines? We conclude that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.

On February 1, 1990, defendants submitted a pretrial statement as required by a district court scheduling order; plaintiff did not. The magistrate judge issued a report on February 28, 1990, which recommended dismissal for failure to prosecute. The district court adopted this recommendation on June 19, 1990.

█ Fed.R.Civ.P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir.1980). This court applies an abuse of discretion standard when reviewing such decisions. 370 U.S. at 633, 82 S.Ct. at 1390.

---

[*] The Honorable William H. Timbers, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

■ Appellant correctly observes that the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication.

■ However, no persuasive reason has been posited why Jourdan should be accorded special consideration under the circumstances of this case. His action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize. Furthermore, there has been no demonstration that his incarceration was responsible for any inability to proceed in a timely fashion.[1]

■ Although this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay. *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980). Here, the district court concluded that appellant's failure to pursue his case despite two extensions of time was unwarranted and merited dismissal. Since Jourdan was aware of his obligation to proceed, and no special circumstances point to an abuse of discretion by the district court, we

conclude that the order of the district court must be *affirmed.*

---

1. To the contrary, his circumstances permit Jourdan to carry a heavy caseload. At the time his complaint was filed, he was involved in five other lawsuits and was actively assisting more than thirty fellow prisoners with their legal claims.