977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pablo BERLANGA, Plaintiff-Appellant,
v.
Eloise WILLIAMS; Valdemar L. Washington, Individually and
as Judge for Genesee County Circuit Court; Abel J. Selburn;
Michigan Insurance Bureau; Flint Board of Hospital
Managers, doing business as Hurley Medical Center; Clink,
Cline & Griffin Corporation; Timothy H. Knecht; Carrie
McGuirk; Blue Cross & Blue Shield of Michigan; Allstate
Insurance Co., Defendants-Appellees.
 No. 92-1209.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1992.
 
 Before SILER and BATCHELDER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Pablo Berlanga, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Berlanga filed his § 1983 complaint making vague allegations of civil rights violations and social security fraud. On August 12, 1991, Berlanga was ordered by the court to amend his complaint within thirty days. The court noted that it was almost impossible to ascertain what claims Berlanga was alleging against the defendants. Although the thirty-day deadline had passed, Berlanga filed a motion to enlarge the time to file an amended complaint which the district court granted on November 12, 1991. He was again given thirty days to amend his complaint. Berlanga failed to comply with this order and the district court dismissed his § 1983 complaint without prejudice on January 8, 1992. Berlanga has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Berlanga's § 1983 lawsuit due to his failure to file an amended complaint after having been ordered to do so by the district court. See Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). A district court can dismiss a case if a plaintiff fails to prosecute the case or to comply with the Federal Rules of Civil Procedure or any order of the court. Fed.R.Civ.P. 41(b).
 
 
 4
 Under the circumstances of this case, Berlanga was essentially given from August 22, 1991 until January 8, 1992, to amend his complaint, which he failed to do. While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as an attorney. Jourdan, 951 F.2d at 109. Berlanga was well aware of the district court's order and deadlines for him to amend his complaint. He has offered no persuasive reason why he did not comply with the district court's orders. Therefore, the district court did not abuse its discretion in dismissing Berlanga's § 1983 complaint on January 8, 1992, some five months after he was originally ordered by the court to amend his complaint.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.