992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
VEHICLE 83 CHEVROLET MOTOR HOME VIN 2GBJG31MOD4151646; Dort
Prescriptions Center, Incorporated, also known as
Dort Drug Corporation, a Michigan
Corporation, Defendants,
Willie J. Williams, Intervenor-Appellant.
 No. 92-2267.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie J. Williams, acting without benefit of counsel, appeals from the judgment of the district court for the United States against a 1983 Chevrolet Motor Home VIN 2GBJG31MOD4151646. The subject of this appeal is a judgment and order of forfeiture of the motor home entered on September 24, 1992. Williams does not request oral argument and the United States of America affirmatively waives oral argument on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams was a pharmacist who was convicted of conspiracy to illegally distribute prescription drugs in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. In the course of the proceedings an allegation of forfeiture was filed pursuant to 21 U.S.C. § 853 with respect to Williams's motor home. Williams was sentenced to a six year term of imprisonment and a $15,000 fine. The motor home was forfeited. The conviction and the forfeiture were affirmed on direct appeal. United States v. Gurley, Nos. 89-2384, etc., 1990 U.S.App. LEXIS 20, 113 (6th Cir.1990), cert. denied, 111 S.Ct 1417 (1991).
 
 
 3
 In addition to the criminal forfeiture, the government subsequently filed a civil complaint in the Eastern District of Michigan seeking to recover the motor home (United States v. 1983 Chevrolet Motor Home, No. 90-40038). During the pendency of the civil complaint in the Eastern District of Michigan, counsel for the motor home was allowed to withdraw. The district court ordered the defendant motor home to acquire counsel to represent it. After a three month period following the withdrawal of counsel, the court, pursuant to Fed.R.Civ.P. 55(a), issued an order indicating that the motor home was in default for failure to properly defend. On September 24, 1992, the court entered judgment ordering the motor home to be forfeited to the United States. Williams appeals from that order granting judgment of forfeiture.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion. See Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir.1991). A party seeking to vacate a default judgment must present inter alia a meritorious defense. See United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983) (factors which determine outcome of motion to vacate judgment). In the case at bar, Williams is seeking to assert the interests of third parties. However, Williams lacks standing to assert the interests of third parties. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990). Therefore, Williams lacks a meritorious defense.
 
 
 5
 Accordingly, the judgment of default is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.