9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward BURSE, Plaintiff-Appellee,
v.
Gene Reed FORD; Chuck Mims, Vice President; Mitch
Thompson, Defendants-Appellees.
 No. 93-5361.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Edward Burse appeals a district court order dismissing his Title VII action for failure to prosecute. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Burse, an African-American, sued a Ford dealership and two of its employees, alleging that they discriminated against him on the basis of his race by having him falsely arrested while he was protesting on the sidewalk in front of the dealership where he was employed as a salesman, and by giving credit for two of his sales to another salesman who is white. Burse also alleged that he was illegally terminated from his employment on the basis of his race. The defendants filed a motion to dismiss, arguing that Burse had failed to state a claim upon which relief could be granted. Burse did not respond to this motion, and he subsequently failed to attend a pre-trial conference. The district court then dismissed the case for lack of prosecution. On appeal, this court determined that the district court had improperly dismissed the case and remanded the case to the district court for further proceedings.
 
 
 4
 Following remand, the district court held a status conference, at which it set a trial date and a date by which Burse should respond to the defendants' motion to dismiss. The court subsequently disqualified the defendants' counsel for potential conflict of interest and ordered the defendants to obtain new counsel. However, neither Burse nor new counsel for the defendants appeared for a pre-trial conference on November 5, 1992, or for trial on November 18, 1992. Consequently, the district court dismissed the case for lack of prosecution. Burse has filed a timely appeal from this order. On appeal, he requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Burse's complaint. See Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). Burse has never responded to the defendants' motion to dismiss, despite being directed to do so twice by the district court. Burse failed to attend two different pre-trial conferences. Burse failed to appear for trial. In light of these facts, we believe Burse had engaged in a clear pattern of delay. Id. at 110. Consequently, the district court properly dismissed Burse's case for failure to prosecute.
 
 
 6
 Accordingly, we deny Burse's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation