9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert KNOX, Plaintiff-Appellant,
v.
CONSOLIDATED FREIGHT, Defendant-Appellee.
 No. 92-6648.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Robert Knox, a pro se litigant, appeals from a district court judgment dismissing his complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Knox alleged that he was laid-off from employment by the defendant, Consolidated Freight, based upon his race, color, sex, religion and national origin. Knox requested monetary and injunctive relief.
 
 
 4
 The magistrate judge issued an order directing Knox to amend his complaint. In that order, the magistrate judge stated that "Knox has at this point failed to state a cause of action that would warrant an answer from the defendant." Knox was "directed to amend his complaint to state specific facts, including dates and times, supporting his claim that Consolidated fired him because of his race and in retaliation for having filed charges with the [Equal Employment Opportunity Commission]." The order further stated that "[a] failure to timely file an amendment in compliance with this order will result in the complaint being dismissed."
 
 
 5
 Knox filed two amended complaints, one on August 3 and one on August 6. Neither amended complaint set forth specific facts to support Knox's allegation of discrimination. In response, the district judge dismissed Knox's complaint for his failure to comply with the magistrate judge's order directing Knox to bring forth specific facts underlying his claim of discrimination. Subsequently, Knox filed two motions for reconsideration, both of which were denied. Knox then timely appealed the judgment dismissing his case.
 
 
 6
 Pursuant to Fed.R.Civ.P. 41(b), federal courts may, sua sponte, enter an order of dismissal. Link v. Wabash R.R., 370 U.S. 626, 630 (1962); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). Dismissal is appropriate where a litigant has failed to comply with a court order. Fed.R.Civ.P. 41(b); Jourdan, 951 F.2d at 109-10. Review of a sua sponte dismissal is limited to an abuse of discretion. Jourdan, 951 F.2d at 109.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion. The magistrate judge's order directing Knox to amend his complaint clearly stated that a failure to comply with the order would result in the complaint being dismissed. Neither of Knox's amended complaints set forth the specific facts supporting his claim of discrimination that the magistrate judge called for in his order. The amended complaints added nothing to the original complaint. Accordingly, the district court did not abuse its discretion when it dismissed, sua sponte, Knox's complaint. Moreover, we are satisfied that the district court did not abuse its discretion when it denied Knox's Rule 59 motion and his Rule 60 motion.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation