14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald L. JORDAN, Plaintiff-Appellant,
v.
Theodore W. KOEHLER, Defendant-Appellee.
 No. 92-2493.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1993.
 
 Before: NELSON, and BATCHELDER, Circuit Judges; and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Ronald L. Jordan, a pro se Michigan prisoner, appeals from the order and judgment of the district court granting summary judgment to the defendant in this case filed pursuant to 42 U.S.C. Sec. 1983. Defendant Koehler, sued in his individual capacity, is the now-retired warden of Michigan's Marquette Branch Prison. Jordan brought this suit alleging that conditions of his confinement are violative of his Eighth and Fourteenth Amendment rights. Specifically, Jordan asserts that from mid-July 1989, and continuing for several months thereafter, he was denied out-of-cell exercise, fresh air, sunshine, and was forced to remain confined to his cell. Jordan contends that his unconstitutional treatment occurred with the full knowledge and approval of Koehler.
 
 I.
 
 2
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. A district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880, 109 S.Ct. 196 (1988). In our review of the grant of summary judgment on Jordan's claims, this Court must view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987). It is also axiomatic that pro se pleadings are to be more liberally construed than those drafted by an attorney. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). However, the fact that a pro se complaint is construed more liberally does not abrogate basic pleading essentials. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989).
 
 A.
 
 3
 Jordan claims that Koehler's conduct violated his rights under the Eighth and Fourteenth Amendments. Jordan erroneously asserts in this appeal that the issue of his Fourteenth Amendment claim was ignored by the magistrate judge and district court. In his Report and Recommendation, adopted by the district court, the magistrate addressed the Fourteenth Amendment claim:
 
 
 4
 Plaintiff's substantive due process claim should be analyzed under the standards applicable to the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) (where there is "an explicit textual source of constitutional protection" for a plaintiff's claim, the standard applicable to that source, and "not the more generalized notion of substantive due process" should be applied); See also Walker v. Norris, 917 F.2d 1449 (6th Cir.1990) (a prisoner's substantive due process claim is properly analyzed solely as one under the Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions.")
 
 
 5
 Jordan's Fourteenth Amendment claim was not, as he claims, ignored; it was simply subsumed into the specific analysis applicable to the Eighth Amendment.
 
 B.
 
 6
 The Eighth Amendment's proscription against cruel and unusual punishment has been extended to require certain minimal living conditions within the prison environment. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991), clarified that there are two components to any Eighth Amendment claim, the objective and the subjective; that the subjective component requires an inquiry into the allegedly culpable prison official's state of mind, id. at 2324; and that the standard to be applied in making that inquiry is that the prison official must act with "deliberate indifference" to deny a prisoner a necessity of civilized human existence. Id. at 2327.
 
 
 7
 Viewing the evidence in this case in the light most favorable to Jordan, and giving his Second Amended Complaint the liberal construction required for pro se pleadings, we hold that Jordan has failed to present any evidence sufficient to create a genuine issue of fact as to the subjective component of the Wilson test. Since a failure to demonstrate a triable issue as to either of the components of the test is fatal to Jordan's attempt to withstand summary judgment, we do not address the objective component, but will confine our review to the subjective one.
 
 
 8
 In order to present a genuine issue of material fact as to this component, Jordan was required to present some evidence beyond the mere allegations of his pleadings that defendant Koehler acted with "obduracy and wantonness." As the Court made clear in Wilson, "wantonness" is to be assessed in the context of the kind of Eighth Amendment claim alleged, and challenges to conditions of confinement, the kind of challenge brought by Jordan, are to be subjected to the "deliberate indifference" standard of Estelle v. Gamble, supra. Wilson, 111 S.Ct. at 2326-7.
 
 
 9
 Jordan has failed to present any evidence which supports his claim that defendant Koehler acted with deliberate indifference to Jordan's situation. Indeed, Jordan failed to present any evidence that Koehler acted at all with regard to Jordan. Section 1983 "will not support a claim based on a respondeat superior theory of liability." Polk v. Dodson, 454 U.S. 312, 325 (1981). A party cannot be held liable under Section 1983 absent a showing that the party personally acquiesced in the allegedly unconstitutional conduct. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989). Jordan was therefore required to present some evidence that defendant Koehler had some personal involvement in Jordan's alleged deprivations.
 
 
 10
 During the course of this litigation, Jordan served the defendant with two sets of Requests for Admission pursuant to Federal Rule of Civil Procedure 36. As noted by the magistrate, the Requests for Admission asked Koehler to admit the language of various policies concerning out-of-cell exercise, and his overall responsibility for discipline of the prison. Koehler failed to respond to these Requests for Admission; however, these requests asked Koehler to do little more than admit that Koehler was in charge of the prison. Even taking these requests as admitted, they do not provide facts sufficient to present any genuine issue of material fact as to Koehler's personal involvement.
 
 
 11
 Because Jordan has not demonstrated that any triable issue remains as to the subjective component of his Eighth Amendment claim, and because that component is essential to his stating a claim under the Eighth Amendment, the grant of summary judgment in favor of defendant Koehler is hereby AFFIRMED.
 
 
 
 *
 Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation