23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Herman KELLY, Plaintiff-Appellant,
v.
BROADCAST MUSIC, INC.; Michael Tortora; Gary Roth; David
Moro; Frances Preston; Timothy J. Murray,
Defendants-Appellees.
 No. 93-6342.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mr. Herman Kelly, proceeding without benefit of counsel, appeals a district court order dismissing his complaint with prejudice. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $20 million in damages, Kelly alleged that the defendants breached a contract with him by failing to pay him his share of the royalties for songs in which he claimed partial ownership. The district court scheduled a status conference for September 20, 1993. Kelly was directed to attend the status conference and was informed that failure to attend would result in the dismissal of the action. On August 31, 1993, the district court denied defendants' motion to reset the status conference and denied Kelly's motion to be excused from attending all court hearings and status conferences. In that order, the district court stressed that "plaintiff shall attend, and his failure to do so will result in the dismissal of this action" (emphasis in original). Kelly failed to attend the status conference and the district court dismissed the complaint.
 
 
 3
 Thereafter, on September 10, 1993, Kelly filed a motion for a telephonic status conference in lieu of appearing at the scheduled status conference. On September 20, 1993, the district court convened the scheduled status conference. Counsel for defendants was present. Kelly was not. The district court thereupon denied Kelly's motion for a telephonic status conference and dismissed the complaint for Kelly's failure to appear as required by the orders of the court.
 
 
 4
 The district court noted that Kelly had pending before the court a motion for sanctions and default judgment against all defendants, a request and motion for settlement and compromise, a motion to join another defendant and a motion to amend. In light of Kelly's many pleadings, the district court required the presence of the pleadings' author in an effort to proceed in an orderly fashion.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Kelly's lawsuit with prejudice. See Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). Kelly's failure to appear, despite two specific warnings to appear, was unwarranted and merited dismissal. Moreover, the gist of Kelly's argument on appeal is that he lives in Michigan and that it was an unconscionable imposition to require him to appear in Nashville, Tennessee, for a status conference. However, Kelly chose the forum for his suit. Therefore, it is disingenuous to complain that the forum is too far away for him to appear as ordered by the court.
 
 
 6
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.