64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. VOM BAUR, II, Plaintiff-Appellant,
v.
STATE OF OHIO; City of Newark; Russell A. Steiner; Mark K.
Wiest; Howard Hissong; David Starling; Robert Bame; Robert
Harmon; Richard E. Jackson; Cathleen Daniher; Knox County
Department of Human Services; Robert Becker, Defendants-Appellees.
 No. 94-4328.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: KENNEDY, WELLFORD and SILER, Circuit Judges.
 
 ORDER
 
 1
 Gerald Vom Baur, II, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary relief, Vom Baur sued numerous governmental entities and state and county officials in their individual and official capacities. Vom Baur's lawsuit stems from his divorce and custody dispute in the Common Pleas Court in Licking County, Ohio. Vom Baur's complaint appears to allege the following seven claims. His first claim is against the State of Ohio, its Attorney General, the City of Newark, Licking County Prosecutor Becker, and Judge Steiner. Vom Baur alleged that the State of Ohio and its Attorney General did nothing to stop civil rights violations by a state judge (Steiner), that the State of Ohio and City of Newark have policies that permitted the constitutional violations to take place, and Judge Steiner issued orders depriving Vom Baur of his children and his home.
 
 
 3
 Vom Baur alleged that Judge Wiest ordered the Licking County Sheriff's Department to break into his home and to remove his belongings, and that Detective Hissong of the Sheriff's Department gave false testimony that Vom Baur showered with his seven year old daughter, all of which allegedly deprived Vom Baur of his relationship with his children. Vom Baur also asserted that defendants Bame, Harmon and Starling broke into his home stealing plaintiff's personal belongings, papers and money. He alleged that defendant Jackson, a court-appointed psychologist, provided statements to the court to deprive him of his relationship with his children. As to defendant Daniher, Vom Baur alleged that she ventured outside of her normal duties as a social worker, interfered with plaintiff's relationship with his children and publicly announced that Vom Baur was a child abuser. He claimed that the Knox County Department of Children Services (KCDCS) investigated false accusations against Vom Baur and deliberately set out to have Vom Baur illegally arrested by the Licking County Sheriff's Department.
 
 
 4
 Defendants Daniher, KCDCS, Steiner, Wiest, State of Ohio, its Attorney General, Becker and Hissong filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Bame, Harmon and Starling filed a summary judgment motion. Plaintiff failed to file a timely response to all these motions except Steiner's and Wiest's motion to dismiss. The district court considered the defendants' motions without the benefit of plaintiff's response to the extent indicated above. The district court granted all the defendants' motions to dismiss (except the motion to dismiss of defendants Daniher and KCDCS), and the other three defendants' summary judgment motion. The district court ordered Vom Baur to file a more definite statement as to his claims against defendants Daniher and KCDCS pursuant to Fed. R. Civ. P. 12(e), giving Vom Baur ten days as set forth in the rule. After Vom Baur failed to respond within the ten-day time limit, the district court dismissed plaintiff's claims against defendants Daniher and KCDCS. Vom Baur moved "for a new trial" indicating that he did not receive a copy of the order requiring a more definite statement. Vom Baur did not include a more definite statement with the motion. The district court denied the motion. Subsequently, a magistrate judge allowed Vom Baur to file a document including a more definite statement. However, the district court did not address this statement when the court later granted summary judgment in favor of defendant Jackson.
 
 
 5
 On appeal, Vom Baur's brief is construed as arguing those claims which he raised in the district court. Vom Baur also argues that the district court erred by not considering his response to its February 9, 1994, order to file a more definite statement against Daniher and KCDCS.
 
 
 6
 Upon review, we affirm the judgment of the district court. As a preliminary matter, we note that Vom Baur did not allege that KCDCS had adopted a policy or custom authorizing Daniher's actions. Unless Vom Baur can show such a policy, the claim against KCDCS fails to raise a constitutional violation. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978). Because Vom Baur did not make such an allegation, he has failed to state a claim against KCDCS.
 
 
 7
 Concerning the order requiring a more definite statement, the district court did consider Vom Baur's motion "for a new trial." Vom Baur failed to accompany that motion with the required statement. The standard of review on this issue is abuse of discretion. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). Vom Baur's failure to provide a more definite statement with his motion "for a new trial" provided the district court with the basis for denying the motion. The court did not abuse its discretion when the court denied the motion and later declined to address the issue any further.
 
 
 8
 Upon de novo review of the summary judgment issue, we conclude that summary judgment was properly entered in favor of defendants Bame, Harmon, Starling and Jackson because there is no genuine issue of material fact and these defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 9
 The district court did not err in granting the remaining defendants' motions to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against these defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.