**Mary Elizabeth MOONEY, Plaintiff,**

v.

**THE CLEVELAND CLINIC FOUNDATION, et al., Defendants.**

**No. 1:98CV1850.**

United States District Court, N.D. Ohio, Eastern Division.

March 5, 1999.

Mary Elizabeth Mooney, Cincinnati, OH, for plaintiff.

Marc W. Groedel, Reminger & Reminger, Cleveland, OH, for defendants.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

This is a case in which the plaintiff, Mary Elizabeth Mooney, alleges certain malpractice claims against defendants Dr. Scott Strong and The Cleveland Clinic Foundation, for surgery performed on her husband in 1996. Currently pending before the Court is a motion for summary judgment and a request from Mooney to extend the deadline for filing her expert report. For the reasons that follow, the Court grants Mooney an extension of time, denies the defendants' summary judgment motion (doc. # 47) without prejudice to refiling, and extends the dispositive motion deadline and trial dates in this case.

### I. Expert Report

In an Order dated September 25, 1998, this Court held that Mooney must file her expert report by November 13, 1998. Mooney failed to comply with that Order, in part because the defendants did not provide her with slides needed to complete that report. On February 3, 1999, the Court granted her additional time in which to file her expert report, granting her ten days from the date on which her expert received those slides. *The Court also stated that Mooney would not receive any further extensions to file this report.* The defendants notified the Court that they mailed the slides to the pathologist on January 21, 1999, and Mooney notified the Court that the pathologist received the slides on January 28, 1999. According to this

Court's February 3 Order, Mooney must file her expert report by February 11, 1999.

Mooney filed this "report" on that date. The "report" is a description of the slides provided to Mooney. Mooney also has provided the Court a letter from the pathologist that states that he has "concern regarding the propriety of the surgery performed" on her husband and that he would like an additional four to six weeks to complete his expert report.

■■■ Mooney is *pro se*.[1] *Pro se* litigants are required to follow the rules of civil procedure and easily-understood Court deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). The Court may dismiss a case in which a *pro se* litigant has engaged in a clear pattern of delay. *Id.*

■■■ However, the Sixth Circuit has held that a district court abuses its discretion by precluding expert medical testimony, which results in the dismissal of the case, on the basis that the plaintiff does not comply with discovery deadlines, if the district court does not provide notice that further delay would result in stringent sanctions and does not consider less stringent sanctions. *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir.1997). Consequently, the Court grants Mooney additional time to file her expert report with the Court, especially as the defendants did not provide her expert with slides until after the original deadline for filing her expert report had passed. The Court grants Mooney an extension of time until March 26, 1999 to *file* her expert report with the Court.

The Court, however, is putting Mooney on notice that *no further extensions shall be granted* and that failure to file a report may result in dismissal of her case.

## II. Summary Judgment

The defendants have filed a motion for summary judgment. They filed this motion prior to receiving the first "report" from Mooney filed on February 11, 1999, on the grounds that Mooney cannot establish a prima facie case of medical malpractice absent expert testimony. They subsequently filed a surreply brief alleging that Mooney failed to establish her prima facie case of medical malpractice even with her February 11, 1999 report.

The Court denies the defendants' motion for summary judgment without prejudice to refiling. In light of the extensions granted to Mooney, the Court reschedules the dispositive motion deadline for April 16, 1999 and the trial date for June 14, 1999.

The Court notes, however, that the defendants' motion for summary judgment is deficient for several reasons. The defendants' motion addresses only medical malpractice and informed consent for the operation performed on Mooney's husband. However, Mooney alleges that this is not a medical malpractice case but is instead a civil rights case under 42 U.S.C. §§ 1981, 1983, and 1985, and the Fifth, Ninth, and Fourteenth Amendments. The defendants' motion fails to address those allegations.

The defendants' motion also fails to address the following allegations made in Mooney's complaint, that this Court must construe liberally: (1) negligence for (a) failing to include her husband's middle initial in his records; (b) mixing up her husband's records and in not locating a videotape of her husband's colon; (c) failing to treat her husband's toe; (d) failing to perform pre- or post-operative tests; and (e) failing to discover the sepsis and peritonitis which allegedly necessitated emergency surgery soon after her husband's release from the Cleveland Clinic; (2) battery; and (3) breach of contract. This Court is not required to perform the defendants' work for them.

■ Mooney's response to the defendants' motion is deficient as well. Mooney cannot create genuine issues of material fact by repeating statements allegedly made by doctors, other hospital personnel, and her deceased husband. This is hearsay, and the Court may not consider this when ruling on a summary judgment motion. *N. Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273 (6th

---

1. The Court has been unsuccessful in its effort to convince Mooney of her need for counsel in this type of case.

Cir.1997). Nor can Mooney create genuine issues of material fact by stating her own lay opinions as to the propriety of the surgery performed on her husband; nor can she create genuine issues of material fact by providing the Court with a quote from President William Howard Taft on the equality of man.

■ Most importantly, she cannot create genuine issues of material fact by alleging that the defendants have failed to provide evidence that her husband consented to his surgery. If the defendants file a motion for summary judgment, supported with an affidavit from Dr. Strong or others, *Mooney* bears the burden of providing the Court evidence to substantiate her claims and refute those affidavits. She cannot rely on hearsay in her complaint to meet that burden. *See* Fed.R.Civ.Pr. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest on the mere allegations in the adverse party's pleading").

### III. Conclusion

The Court grants Mooney an extension of time, denies the defendants' summary judgment motion (doc. # 47) without prejudice to refiling, and extends the dispositive motion deadline and trial dates in this case.

IT IS SO ORDERED.