**Michael O'GRADY, Plaintiff–Appellant,**

**v.**

**Kenneth CHANT, et al., Defendants–Appellees.**

**No. 00–2039.**

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.[*]

*ORDER*

Michael O'Grady appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

O'Grady primarily alleged that the defendants violated his constitutional rights by searching his apartment, seizing several firearms and other items, filing criminal charges against him, charging him with violations of the Northern Michigan University Student Code, prosecuting him on false misdemeanor charges, retaliating against him, and attempting to extort money from him in his capacity as an army reserve officer. A magistrate judge notified the parties that a pretrial hearing would be held on June 26, 2000. O'Grady's motion to stay this hearing was denied, and he was ordered "to appear before this Court in person for the hearing scheduled for June 26, 2000, at 10:00 a.m. EST." However, O'Grady did not appear as ordered by the magistrate judge.

The magistrate judge then scheduled a show cause hearing for July 7, 2000. The scheduling order provided that O'Grady "shall appear at said hearing and shall show cause why this case should not be dismissed" because of his failure to appear

---

[*] The Honorable John D. Holschus, United States District Judge for the Southern District of Ohio, sitting by designation.

at the prior hearing. Nevertheless, O'Grady also failed to appear at the show cause hearing. The magistrate judge then issued a report recommending that O'Grady be sanctioned and that the case be dismissed for lack of prosecution.

The district court set a hearing on O'Grady's objections to the magistrate judge's report for August 29, 2000. O'Grady alleged that he would be unable to appear before the court on that date. The hearing date was rescheduled to August 28, 2000, but O'Grady still did not appear. The district court then adopted the magistrate judge's recommendation and made an oral ruling on August 28, 2000, that dismissed the case for lack of prosecution. *See* Fed.R.Civ.P. 41(b). This ruling was memorialized by a written judgment on August 30, 2000. O'Grady filed an appeal on August 31, 2000, which has been liberally construed as a timely appeal from the court's final judgment. *See* Fed. R.App. P. 4(a)(2); *Good v. Ohio Edison Co.*, 104 F.3d 93, 95–96 (6th Cir.1997).

We review the dismissal of this case for an abuse of discretion. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). As indicated above, dismissal was based on O'Grady's failure to comply with the district court's scheduling and show cause orders. O'Grady now argues that he was not advised that the hearing on his objections to the magistrate judge's report had been rescheduled. However, this argument is refuted by the record, which shows that the rescheduling order had been mailed to him ten days before the new hearing date. O'Grady failed to appear at this hearing or at either of the hearings that had been scheduled by the magistrate judge, even though he was expressly ordered to do so. We have examined O'Grady's other arguments, and they are likewise unavailing. Thus, the district court did not abuse its discretion by imposing sanctions against O'Grady or by dismissing his case for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Wilson–Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 822–23 (6th Cir.2000); *Jourdan*, 951 F.2d at 110.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.