**Darwin GRAVITT, Petitioner–Appellant,**

v.

**Zbigniew TYSZKIEWICZ, Respondent–Appellee.**

No. 00–2004.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Darwin Gravitt, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 13, 2000, Gravitt filed a habeas corpus petition naming as respondent Zbigniew Tyszkiewicz, warden of the Ionia Maximum Correctional Facility where Gravitt is incarcerated. In his petition, Gravitt raised four grounds for relief. On June 19, 2000, a deficiency order was filed notifying Gravitt that he must pay the $5 filing fee or apply to proceed in forma pauperis. The deficiency order warned Gravitt that if he failed to comply with the order, his case would be dismissed for want of prosecution. Gravitt did not comply with the deficiency order.

On August 14, 2000, the district court dismissed Gravitt's habeas corpus petition without prejudice for want of prosecution because he failed to comply with the deficiency order. Gravitt's motion for reconsideration, which the district court construed as a Fed.R.Civ.P. 59(e) motion to alter or amend judgment, was subsequently denied. Gravitt has filed a timely appeal. Gravitt has also filed a motion to proceed in forma pauperis and a motion for miscellaneous relief.

■ We review for an abuse of discretion a district court's dismissal of a suit for want of prosecution under Fed.R.Civ.P. 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991). Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed in forma pauperis, "the district court must notify the pris-

oner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution. *Id.*

■ Upon review, we conclude that the district court did not abuse its discretion when it dismissed Gravitt's petition for want of prosecution. *See Link,* 370 U.S. at 633, 82 S.Ct. 1386; *Knoll,* 176 F.3d at 363; *McGore,* 114 F.3d at 605. The deficiency order clearly stated the documentation that must be submitted in order to apply to proceed in forma pauperis. The order also expressly warned Gravitt that failure to comply with the order would result in the dismissal of his case for want of prosecution. In response to the deficiency order, Gravitt submitted an application to proceed in forma pauperis and a memorandum indicating that the prison considered him to be indigent for the month of May. Gravitt did not submit an affidavit of indigency and a certified copy of his prison trust fund account for the preceding six months along with his application to proceed in forma pauperis. Because Gravitt failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis, his petition was subject to dismissal for want of prosecution.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.