**Rubye C. WRIGHT, Plaintiff–Appellant,**

v.

**KNOX COUNTY BOARD OF EDUCATION, Defendant–Appellee.**

No. 01–5979.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

### ORDER

Pro se Tennessee resident Rubye C. Wright appeals a district court judgment that dismissed her employment discrimination suit. The case has been referred to this panel pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Wright filed suit in federal district court, claiming that she was fired from her job as a teacher because of a hostile and abusive work environment. The defendant successfully moved the court to dismiss Wright's suit on the ground that Wright had failed to exhaust her administrative remedies before filing suit.

In her timely appeal, Wright has filed an initial brief that does not address the exhaustion requirement and whether she complied with it.

Upon review, we conclude that Wright has abandoned her appeal by failing to brief the germane issue: whether the district court erred in concluding that she failed to exhaust administrative remedies with the Equal Employment Opportunity Commission. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (concerning waiver by failure to brief). Despite this court's strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must still brief the issues advanced "with some effort at developed argumentation." *United States v. Reed,* 167 F.3d 984, 993 (6th Cir.) (internal quotations and citation omitted), *cert. denied,* 528 U.S. 897, 120 S.Ct. 229, 145 L.Ed.2d 192 (1999). Wright's brief ignores the reason her suit was dismissed.

We note that failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545–46 (6th Cir.1991). Our review of the record gleans no basis for finding waiver, estoppel, or equitable tolling of the time in which Wright was required to file her administrative claim. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (concerning tolling of time for exhaustion).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.