**Claud Stacy WHITE, Plaintiff–Appellant,**

v.

**AMERICAN CORRECTIONAL ASSOCIATION; Kentucky Department of Health; Kentucky Department of Corrections, Defendants–Appellees.**

**No. 01–5562.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

Claud Stacy White, a pro se Kentucky prisoner, appeals from a district court order dismissing his action seeking a declaratory judgment. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White sued several Kentucky governmental entities, seeking a declaration that his rights were violated when he was subjected to mandatory testing for tuberculosis. The district court advised White that he had not provided the appropriate summons for issuance and had not provided

the documentation required to proceed in forma pauperis; the court gave White thirty days to remedy these deficiencies and advised that failure to comply would result in dismissal of the action. Although White responded to the district court's letter, he did not provide the additional documentation requested by the court. Consequently, the court dismissed the case for failure to provide the required documentation. The court subsequently denied White's motion to reconsider. White has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed White's suit for want of prosecution. This court reviews for an abuse of discretion a district court's dismissal of a suit for want of prosecution under Fed.R.Civ.P. 41(b). *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed in forma pauperis, "the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution. *Id.*

The district court did not abuse its discretion when it dismissed White's complaint for want of prosecution. The deficiency order clearly stated the docu-mentation that must be submitted in order to apply to proceed in forma pauperis. The order also expressly warned White that failure to comply with the order would result in the dismissal of his case for want of prosecution. While White submitted an application to proceed in forma pauperis, he did not submit an affidavit of indigency along with his application. Because White failed to pay the filing fee or submit the required documentation to proceed in forma pauperis, his petition was subject to dismissal for want of prosecution.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.