**Dean R. KIBBE, Plaintiff–Appellant,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant– Appellee.**

No. 01–2144.

United States Court of Appeals, Sixth Circuit.

April 4, 2002.

Before KENNEDY and BOGGS, Circuit Judges; and COFFMAN, District Judge.*

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District

*ORDER*

Dean R. Kibbe appeals pro se from the district court's dismissal of a case that he had brought under the Freedom of Information Act, 5 U.S.C. § 552. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In his complaint, Kibbe primarily sought a complete copy of his file with the Veterans Administration ("VA"). The district court scheduled an evidentiary hearing on Kibbe's claim and advised the parties of its intention "to reconsider the status of this case in the event that the VA delivers a copy of the file to Plaintiff in the court's presence." In addition, Kibbe was specifically advised that failure to appear at the hearing could result in the dismissal of his case. Nevertheless, Kibbe failed to appear at the hearing, and the defendant submitted uncontested evidence which indicated that he had already received copies of the disputed documents. It also appears that the defendant brought additional copies of these documents to the hearing for Kibbe. Thus, the district court dismissed his case on June 20, 2001. It is from this judgment that Kibbe now appeals.

We review the dismissal of Kibbe's case for an abuse of discretion on appeal. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991). The district court did not abuse its discretion here because Kibbe did not appear at a scheduled hearing, even though the court had advised him that his failure to appear could result in an order

of Kentucky, sitting by designation.

of dismissal. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Jourdan,* 951 F.2d at 110. Kibbe now argues that the district court was biased and that the court should have granted his motions for a change of venue and the appointment of a female attorney. We have considered these arguments, and they are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.