Winford WHITE, Plaintiff–Appellant,

v.

CITY OF GRAND RAPIDS,
Defendant–Appellee.

No. 01–2292.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

*ORDER*

Winford White, proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 11, 2001, White filed a complaint against the City of Grand Rapids, Michigan ("City"). Relying upon the Fourteenth Amendment, White alleged that the City violated his due process rights when it seized and sold his property located at 1238 Alto Avenue S.E. in Grand Rapids due to nonpayment of delinquent property taxes. White alleged that he was incarcerated in a Michigan prison at the time of the sale of his property and did not receive notice of the sale prior to its execu-

tion. White sought monetary relief from the City.

On June 22, 2001, an order was filed granting White permission to proceed in forma pauperis and ordering him to pay an initial partial filing fee of $.85 to the court clerk. The order warned White that if he failed to comply with the order, his case may be dismissed. On July 3, 2001, the envelope containing White's copy of the June 22, 2001, order was returned to the court bearing the notation "Paroled." On August 6, 2001, the district court dismissed White's civil rights complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address. White's motion for rehearing was subsequently denied. White has filed a timely appeal.

We review for an abuse of discretion a district court's dismissal of a suit for want of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991).

Upon review, we conclude that the district court did not abuse its discretion when it dismissed White's complaint for want of prosecution. Following the filing of his complaint on June 11, 2001, White did not have any further communication with the court until August 20, 2001, after his complaint had been dismissed. White did not receive notice of the actions taken by the district court following the filing of his complaint because he did not keep the district court apprised of his current address. The district court mailed the June 22, 2001, order to the address provided by White in his complaint. Upon receiving notice of White's parole, the district court waited an additional thirty-three days, presumably to allow White an opportunity to make contact with the court, before dismissing the complaint. Under these circumstances, White's complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.