**Pamelia Y. MURRAY, Plaintiff–Appellant,**

v.

**TARGET DEPARTMENT STORES, Defendant–Appellee.**

No. 01–3331.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

*ORDER*

Pamelia Y. Murray appeals pro se from a district court judgment that dismissed her employment discrimination case, which has been construed as raising a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Her appeal has been referred to a panel of this court pursuant to Rule

34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case.

The district court allowed several extensions of time in which to complete discovery, and Murray received ample notice that her deposition was scheduled on the day before the final deadline for completing all non-expert discovery. Nevertheless, she flatly refused to attend her deposition at that time. Murray did not show good cause for her refusal to appear. Thus, the district court granted the defendant's motion and dismissed the case on March 1, 2001. *See* Fed.R.Civ.P. 37(d). It is from this judgment that Murray now appeals.

We review the dismissal of Murray's case for an abuse of discretion. *See Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988). "[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Id.* The district court may dismiss a case if one of the parties fails to comply with an order to provide or to permit discovery and that party has shown a pattern of delay or contumacious conduct. *See Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Murray now argues that the dismissal of her case was too harsh, as she missed only one deposition. However, the district court did not abuse its discretion here because Murray did not comply with its scheduling order by attending her deposition or make a meaningful response to its subsequent order directing her to respond to defendant's motion to dismiss. Murray also argues that she did not have adequate notice of the court's intent to dismiss her case. This argument is unpersuasive be-

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

cause the court was plainly considering dismissal when it extended the time for her response to the defendant's motion. Thus, dismissal was justified because Murray refused to attend her scheduled deposition and otherwise failed to further the prosecution of her case. *See Jourdan*, 951 F.2d at 110; *Regional Refuse Sys., Inc.*, 842 F.2d at 154–56.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.