**PREFERRED AUTOMOTIVE SALES INC., doing business as Champion Preferred Automotive Sales & Leasing, Plaintiff–Appellee,**

v.

**John KOCIS, Defendant–Appellant.**

No. 02–5946.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

*ORDER*

Pro se Florida resident John Kocis appeals a district court order that denied his motion for reconsideration. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

The district court granted summary judgment in favor of the plaintiff and against Kocis in a collection action. Kocis moved the court to reconsider the judgment because "the plaintiff must have committed a FRAUD on the court and against me." The district court denied reconsideration, noting, *inter alia,* that the motion "merely rehashe[d] the same arguments previously rejected by this court."

Kocis filed a notice of appeal. Following our issuance of–and answers to–an order to show cause, we concluded that we had appellate jurisdiction over only the district court's order that denied reconsideration.

Proceeding pro se on appeal, Kocis argues that the judgment against him is void because the plaintiff never proved that he was properly served. He makes no argument concerning the district court's denial of his post-judgment motion.

Kocis has abandoned his appeal by failing to brief the germane issue: whether the district court erred in denying his motion for reconsideration. *See Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir.2003) (concerning abandonment of an issue by the failure to brief it), *citing Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir.1989) (stating that this court "normally decline[s] to consider issues not raised in the appellant's opening brief."). Despite this court's strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must

still brief the issues advanced and reasonably comply with the standards of Fed. R.App. P. 28. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (stating that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"), *quoting Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Kocis's brief ignores the sole issue properly before this court.

Accordingly, we AFFIRM the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.