**Richard PARKS, Plaintiff–Appellant,**

v.

**The CITY OF MEMPHIS, a municipal corporation of the State of Tennessee; et al., Defendants,**

**Lawrence EVANS, individually and as Police Officer of the City of Memphis; Other Police Officers and Employees of the City of Memphis, the**

identity of which are presently unknown to the Plaintiff; A.C. Gilless, Sheriff, individually and as Sheriff of Shelby County, Tennessee, a political subdivision of the State of Tennessee; Donald Gregory, individually and as Reserve Deputy for the Sheriffs Department of Shelby County, a political subdivision of the State of Tennessee, Defendants–Appellees.

No. 02–6333.

United States Court of Appeals,
Sixth Circuit.

Feb. 24, 2004.

Richard Parks, Memphis, TN, for Plaintiff-Appellant.

Jeffrey Jones, Memphis, TN, for Defendants-Appellees.

Brian L. Kuhn, Shelby County Attorney's Office, Memphis, TN, for Defendants.

Before MARTIN, RYAN,* and MOORE, Circuit Judges.

RYAN, Circuit Judge.

Richard Parks appeals, *pro se,* from the district court's order dismissing his civil rights complaint with prejudice for failure to prosecute and failure to comply with the order of the court. We affirm the district court's judgment.

Rule 41(b) of the Federal Rules of Civil Procedure gives courts authority to dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed.R.Civ.P. 41(b); *see also Link v. Wabash R.R.,* 370 U.S.

626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). We review a district court's Rule 41(b) dismissal for abuse of discretion. *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999).

The district court dismissed Parks's complaint with prejudice, based on Parks's repeated failures to comply with court rules and court orders. We have examined the record with care, and we are satisfied that the district court did not abuse its discretion. Although Parks advised this court of the details of a personal tragedy that may well have affected his behavior in this case, his remedy was a motion in the district court for relief pursuant to Fed.R.Civ.P. 60. He chose not to file any such motion.

**AFFIRMED.**