Torrance **PILGRIM,** et al.,
**Plaintiffs–Appellants,**

v.

John **LITTLEFIELD,** et al.,
**Defendants–Appellees.**

No. 94–3795.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 2, 1996.

Decided Aug. 7, 1996.

Torrance Charles Pilgrim (briefed), Columbus, OH, Pro Se.

Nathaniel Coker Columbus, OH, Pro Se.

Christopher Moreland, Columbus, Pro Se.

Randolph Williams, Columbus, OH, Pro Se.

Larry Mayberry, Columbus, OH, Pro Se.

Michael Freeman, Columbus, OH, Pro Se.

Gary D. Andorka (briefed), Office of the Attorney General of Ohio, Columbus, OH, for Defendants–Appellees.

Before: NORRIS and MOORE, Circuit Judges; MILES, District Judge.*

NORRIS, Circuit Judge, delivered the opinion of the court, in which MILES, District Judge, joined. MOORE, Circuit Judge (pp. 417–19), delivered a separate dissenting opinion.

ALAN E. NORRIS, Circuit Judge.

■ Plaintiffs, pro se state prisoners, appeal the district court's dismissal of their complaint against various prison officials pursuant to Fed.R.Civ.P. 12(c). Plaintiffs challenge four of the rulings below: (1) dismissal on the merits of the claim of denial of access to the courts, (2) dismissal of the remaining claims without stating the basis for dismissal, (3) failure of the district court to certify plaintiffs as a class, and (4) denial of the discovery sought by plaintiffs. We review the matter *de novo, Security Ins. Co. of Hartford v. Kevin Tucker & Assocs.*, 64 F.3d 1001, 1005 (6th Cir.1995), and in doing so accept as true all factual assertions in the complaint, *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993). We consider plaintiffs' arguments to be meritless, and we affirm.

## I. Denial of Access to the Courts

Plaintiffs allege that prison officials violated their right of access to the courts by providing inadequate facilities and assistance for the pursuit of their legal claims. Defendants sought judgment on the pleadings under Fed.R.Civ.P. 12(c), arguing that the access-to-the-courts claim should be dismissed because plaintiffs failed to allege specific litigation-related prejudice caused by the prison officials' alleged conduct. The magistrate judge issued an order directing that "Plaintiffs must respond to that motion on or before June 13, 1994."

Nathaniel Coker was the only plaintiff to respond by the specified date and, while his response asserts in a conclusory fashion that he had "been prejudiced," it does not allege any specific or concrete prejudice to his

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation.

cause. The closest he comes is the assertion that defendants' conduct caused him to file "inadequat[e] litigation." He attached an exhibit showing that two motions he had filed in a state-court proceeding were denied. The other plaintiffs submitted their response for filing nine days beyond the magistrate judge's deadline, and the district court properly ignored that response as untimely. The district court then dismissed the complaint in its entirety, noting that plaintiffs had failed to allege prejudice either in their complaint or in the one timely response to defendants' Rule 12(c) motion.

■■■ The dismissal was appropriate. Prisoners have a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation. Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis v. Casey*, — U.S. —, —, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). Plaintiffs failed to allege any litigation-related detriment, and their claim was properly dismissed.

■■■ Although plaintiffs stress that they are proceeding pro se, the more "liberal" pleading standard applicable to pro se litigants does not help their cause. While courts must apply "less stringent standards" in determining whether pro se pleadings state a claim for which relief can be granted, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), pro se plaintiffs are not automatically entitled to take every case to trial. As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.* One might argue that relaxed pro se pleading standards would have precluded the district

court from dismissing the complaint, had the court not first afforded plaintiffs the opportunity to respond to defendants' Rule 12(c) motion. The magistrate judge, however, not only gave plaintiffs a chance to respond to the motion but actually *ordered* them to do so. Defendants' motion pointed out plaintiffs' failure, in the complaint, to "allege how they were prejudiced by these alleged deficiencies. Indeed, there is no indication of any missed deadlines or dismissed cases as the result of any shortcomings." Coker's response indicates he understood this deficiency and attempted to remedy it. The district judge was warranted in concluding that the attempt fell short, since it did not "allege any specific prejudice." Because plaintiffs cannot claim that their case was dismissed before they became aware of the potential deficiencies in their complaint, and were given the opportunity to remedy any deficiencies, they cannot now seek shelter in their pro se status.

## II. Other Causes of Action

### A. Denial of Procedural Due Process

■■■ Plaintiffs allege that prison officials took for their own offices a number of sophisticated typewriters originally purchased for the use of inmates with funds earmarked by law for the benefit of inmates, replacing them with inferior machines for inmate use. Defendants provided plaintiffs with no hearing prior to taking these typewriters, and plaintiffs claim a deprivation of procedural due process. We note that, although the district court dismissed this claim without stating a basis for doing so, "an appellate court may affirm on any ground supported by the record." *Warda v. Commissioner*, 15 F.3d 533, 539 n. 6 (6th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994).

■■■ The Supreme Court has long recognized that in some instances it will be "impracticable" to afford a pre-deprivation hearing. *Parratt v. Taylor*, 451 U.S. 527, 540–41, 101 S.Ct. 1908, 1915–16, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). As a result, "a state actor's random and unauthorized depriva-

tion" of procedural due process "cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy." *Albright v. Oliver,* 510 U.S. 266, ——, 114 S.Ct. 807, 818, 127 L.Ed.2d 114 (1994) (Kennedy, J., concurring). *Parratt* applies where, as here, plaintiffs allege that defendants have acted not in accordance with state practice, but rather in direct violation of state law. *G.M. Eng'rs & Assocs. v. West Bloomfield Township,* 922 F.2d 328, 331–32 (6th Cir.1990).

■■■ Plaintiffs in § 1983 cases falling under the scope of *Parratt* must plead that the state does not afford adequate post-deprivation remedies. *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). Plaintiffs here make no mention in their complaint of the remedies, or lack of remedies, provided by the state. They do not indicate whether there is an administrative scheme within the prison or a judicial remedy in tort, so their due process claim fails as a matter of law.

## B. Pendent State–Law Claims

In addition to the federal claims presented, plaintiffs attempted to plead state-law claims based upon the alleged misappropriation of property and funds required by state law to be used for the benefit of inmates. As with the procedural due process claim, the district court did not mention these pendent claims in its order of dismissal. Plaintiffs now assert that it was an abuse of discretion for the district court to have dismissed these claims without stating its reasons.

■■■ We disagree. "Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits." *Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir.1992). This is plainly what the district court chose to do. Even assuming, arguendo, that plaintiffs are correct that the district court "failed to consider" the claims not specifically addressed in its order, dismissal of the pendent claims without prejudice becomes appropriate in light of our disposition of the procedural due process claim. Without a viable federal claim in the case, and

absent some compelling basis for retaining supplemental jurisdiction, there would be no reason for the district court not to dismiss the case.

## III. Remaining Issues

■■■ Plaintiffs also claim that the district court erred in failing to rule on the issue of class certification and in refusing to order discovery prior to dismissing the case. We find no error with respect to class certification, but any error would surely have been harmless. Plaintiffs do not attempt to argue that they were prejudiced by the indeterminacy of their class status. Similarly, the discovery claim is meritless. We review the denial of discovery for an abuse of discretion, *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994); and discovery is not required where "there is no evidence that discovery would have disclosed disputed material facts." *Chilingirian v. Boris,* 882 F.2d 200, 203 (6th Cir.1989). The district court ruled on the pleadings, so the potential for genuine issues of material fact down the road was irrelevant. Moreover, plaintiffs do not argue that the denial of discovery prejudiced them in any way.

## IV. Conclusion

The judgment of the district court is **affirmed.**

MOORE, Circuit Judge, dissenting.

Because I believe that the case law does not support the district court's disposition of the merits of the prisoners' claims and that the majority's holding will result in the unwarranted dismissal of meritorious claims of denial of access to the courts under *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), I respectfully dissent.

### I

I agree with the majority that plaintiffs claiming denial of access to the courts must "prove prejudice stemming from the alleged violation." The case before us, however, deals with what plaintiffs must *plead*, not what they must *prove.* There is an impor-

tant difference between these two requirements in *Bounds* actions, as discussed in the very Supreme Court case on which the majority relies:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

*Lewis v. Casey,* —— U.S. ——, ——, 116 S.Ct. 2174, 2183, 135 L.Ed.2d 606 (1996) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992)). This court has never held that a plaintiff claiming denial of access to the courts must plead specific prejudice in the complaint, and we should not do so now. In fact, in *Walker v. Mintzes,* 771 F.2d 920 (6th Cir.1985), the only Sixth Circuit case that the district court cited in its decision, we remanded for further proof on the prejudice issue, even though after a seven-week trial "[t]here [had been] no claim made ... that any particular prisoner was actually impeded in his access to the courts." *Id.* at 932, *aff'g in part, rev'g in part, and remanding Walker v. Johnson,* 544 F.Supp. 345 (E.D.Mich. 1982).

Litigants proceeding pro se are at a disadvantage in the unfamiliar world of law because they lack the specialized training of attorneys. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). Pro se prisoners with meritorious *Bounds* claims are therefore doubly disadvantaged; they lack not only legal training, but also adequate legal resources. *See Childs v. Pellegrin,* 822 F.2d 1382, 1385 (6th Cir.1987) ("The claim [the plaintiff] makes is that he has been denied access to the materials that would permit him to learn what the rules of court required of him in order to conduct his case properly.

It would be harsh, to say the least, to decline to consider [the *Bounds* claim] because it was procedurally incorrect, and we decline to do so."). Of course, a pro se prisoner's failure to satisfy an easily understood requirement, such as a date for the termination of discovery, deserves no special treatment from the courts. *Jourdan,* 951 F.2d at 110. In *Jourdan,* however, we distinguished between those dismissals based on failure to comply with "readily comprehended court deadlines of which [a plaintiff] was well-aware" and those based, as in this case, on "inartful pleading." *Id.* "The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication." *Id.* Given that neither the Supreme Court nor this circuit has ever required a plaintiff to plead specific prejudice in a *Bounds* complaint, the standard that the plaintiffs were expected to satisfy in this case cannot be called "readily comprehended."

The fact that the magistrate judge ordered the prisoners to respond to the Rule 12(c) motion does not alter this conclusion. First, as already discussed, there exists no requirement that *Bounds* plaintiffs plead specific prejudice, so no response was necessary. Second, the magistrate judge's order simply indicated that the plaintiffs had until a certain date to respond to the motion; it did not inform them that the only way to cure the supposed deficiencies in their pleading was to seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a). The order therefore did not impart a "readily comprehended" requirement, and prisoners proceeding pro se can hardly be expected to be familiar with the intricacies of federal procedure.

I sympathize with the majority's fear that an overly indulgent attitude towards *Bounds* complaints may serve to prolong meritless litigation. The holding in this case, however, goes too far in its attempt to avoid this result. By imposing technical legal pleading requirements on *Bounds* litigants, it not only disregards the Supreme Court's forgiving attitude towards pro se prisoners' pleadings

but also compounds those disadvantages endured by prisoners who lack adequate legal resources. The goal of weeding out meritless *Bounds* suits would be better served by requiring the district court to inform pro se prisoners that they may amend their complaint under Rule 15(a) to cure deficiencies brought to their attention by a Rule 12(b)(6) or Rule 12(c) motion; if after being so informed the prisoners cannot identify any litigation that suffered as a result of inadequate legal resources, then the district court may dismiss the complaint. The majority's holding, in contrast, will ensure that many meritorious *Bounds* suits, as well as meritless ones, fail to advance beyond the pleading stage.

## II

The appellants stated several other claims in their complaint, including a federal claim of deprivation of due process and pendent state claims of conversion and violation of Ohio Revised Code § 5120.131. The district court inexplicably ignored these causes of action in its Rule 12(c) ruling. Because I would reverse on the basis of the *Bounds* claim alone, however, I see no need to comment on the merits of the other claims. Rather, I would simply instruct the district court to consider them on remand.

For the foregoing reasons, I respectfully dissent.