108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur J. BURTON, Plaintiff-Appellant,
v.
Barbara BOCK, et al., Defendants-Appellees.
 No. 96-1574.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 E.D. Mich., No. 95-71689; Avern Cohn, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Arthur J. Burton, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion to dismiss this civil rights suit for failure to state a claim. Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bringing this action under 42 U.S.C. § 1983, Burton named the Assistant Deputy Warden and a Resident Unit Manager at the Saginaw Correctional Facility, and two correctional officers at the Baraga Maximum Facility, in their individual capacities. Burton alleged that his due process rights were violated when the defendants transferred him to protective segregation without a prior hearing, and when they did not return him to the general population upon his request.
 
 
 3
 A magistrate judge considered the claims on the merits and recommended granting the defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). The magistrate judge relied, principally, on the Supreme Court's holding in Sandin v. Conner, 115 S.Ct. 2293, 2298-2300 (1995), when he concluded that the defendants had not violated Burton's due process rights. Upon review of Burton's objections, the district court adopted the magistrate judge's rationale, and dismissed the complaint.
 
 
 4
 On appeal, Burton argues that the Supreme Court's holding in Sandin is unconstitutional and he challenges the retroactive application of Sandin to his case. Burton also states that the district court "disregarded" his equal protection claim.
 
 
 5
 This court concludes that the district court properly granted the defendants' motion to dismiss Burton's complaint for failure to state a claim. Whether the district court correctly dismissed a suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995).
 
 
 6
 Burton had no constitutional right to placement in any particular section within a prison, or to any particular security classification. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 222 (1976). Moreover, Burton had no protected liberty interest in remaining free from temporary administrative segregation, because the defendants' decision to place Burton in protective segregation for longer than he expected did not result in an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2300. Contrary to Burton's argument, the holding in Sandin applies retroactively to his case. See Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 96-98 (1993).
 
 
 7
 If the district court erroneously "disregarded" Burton's equal protection claim, as Burton argues, this error was harmless. See Pilgrim v. Littlefield, 92 F.3d 413, 417 (6th Cir.1996). It is incumbent upon one asserting an equal protection claim to prove the existence of some purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Because Burton did not allege or attempt to show that the defendants intentionally discriminated against him because of membership in any protected class, this claim is meritless and could not have survived the defendants' motion to dismiss. Purisch v. Tennessee Technological Univ., 76 F.3d 1414, 1424 (6th Cir.1996) (quoting Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990)). Because Burton can prove no set of facts in support of his claims that would entitle him to relief, the complaint was properly dismissed under Rule 12(b)(6). LRL Properties, 55 F.3d at 1100-1101.
 
 
 8
 Accordingly, the district court's order granting the defendants' motion to dismiss for failure to state a claim is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.