**David Floyd HOUSTON,**
**Plaintiff–Appellant,**

v.

**Tim SENG, Defendant–Appellee.**

**Danny FACKLER, et al., Defendants.**

**No. 00–6093.**

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

David Floyd Houston appeals a district court grant of summary judgment for defendant Tim Seng in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Houston filed his complaint in the district court alleging that he was denied his constitutional right to access to the courts during his incarceration in the Bullitt County, Kentucky, Jail in 1997 and 1998. Plaintiff named as defendants seven Bullitt County officials in their official capacities, from whom he sought declaratory and injunctive relief. Plaintiff also named defendant Seng, then the Bullitt County Jailer, in his individual capacity, and sought compensatory and punitive damages from Seng. Plaintiff dismissed his claims against defendants except Seng, and Seng moved the district court for summary judgment. Plaintiff filed three motions to strike Seng's motion for summary judgment and responded in opposition to Seng's motion. After defendant Seng submitted replies, the district court denied plaintiff's motions to strike, granted Seng's motion for summary judgment, and entered judgment accordingly. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff reiterates his claims only with respect to defendant Seng, and contends that the district court ignored his procedural due process claim. Defendant Seng responds that the district court's grant of summary judgment was proper. Upon de novo review, see Brooks v. American Broad. Cos., 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its memorandum opinion entered August 3, 2000. Plaintiff cannot show actual prejudice to pending or prospective litigation which challenges a sentence or conditions of confinement to establish a claim for denial of access to the courts under the circumstances of this case. See Lewis v. Casey, 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Plaintiff's claim that the district court ignored his procedural due process claim lacks merit because the claim is conclusory. See Kensu, 87 F.3d at 175–76.

For the foregoing reasons, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.