Joseph W. CARTER, III,
Plaintiff–Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; Jimmy Turner, former
Warden; Northeast Ohio Correctional
Center; Brian Gardner, Defendants–
Appellees.

No. 01–3543.

United States Court of Appeals,
Sixth Circuit.

Nov. 30, 2001.

Before NATHANIEL R. JONES,
NELSON, and DAUGHTREY, Circuit
Judges.

*ORDER*

Joseph W Carter, III, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carter filed his complaint and an amended complaint in the district court alleging that his laptop computer and some law books were lost during his transfer from the District of Columbia to the Northeast Ohio Correctional Center in Youngstown, Ohio, in 1999. Plaintiff al-leged that he was compensated for the lost properly after he successfully sued in an Ohio small claims court, but alleged that he lost a case that had been pending be-fore the Maryland Special Court of Ap-peals in which he challenged the constitu-tionality of sentences imposed in Maryland because he did not have the lost materials. Defendants moved to dismiss the com-plaint, and plaintiff responded in opposi-tion. The district court ordered plaintiff to submit documents pertaining to the Ma-ryland case, and plaintiff responded to the order. The district court granted defen-dants' motion and dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that he was unable to adequately prosecute his Mary-land appeal because defendants deprived him of legal materials. Defendants re-spond that plaintiff did not allege a cogni-zable First Amendment claim, and contend that defendants are not liable under § 1983 on the basis of respondeat superior. Upon de novo review, *see Allard v. Weitz-man (In re DeLorean Motor Co.),* 991 F.2d 1236, 1239–40 (6th Cir.1993), we af-firm the judgment for the reasons stated by the district court in its opinion dated April 27, 2001. Essentially, plaintiff can-not show actual prejudice to litigation nec-essary to establish a claim for denial of access to the courts because plaintiff had ample time to prepare his case after the loss of his materials. *See Lewis v. Casey,* 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Hadix v. Johnson,* 182 F.3d 400, 404–06 (6th Cir.1999); *Pil-grim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Further, the district court cor-rectly concluded that plaintiff's claim as-serted in his postconviction petitions lacks merit in any event.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.