**Kevin Lamont SHEHEE,**
**Plaintiff–Appellant,**

v.

**Teresa GRIMES; Rowena Molloett,**
**Defendants–Appellees.**

No. 01–6113.

United States Court of Appeals,
Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

Kevin Lamont Shehee appeals a district court order dismissing his civil rights complaint filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Shehee sued two employees of the prison library in their individual capacities, alleging that the defendants violated his First Amendment rights and interfered with his access to the courts. The district court determined that Shehee's claims were without merit and dismissed the case for failure to state a claim. Shehee has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Shehee's case for failure to state a claim. This court reviews de novo a district court or-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

der dismissing a suit for failure to state a claim. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ Shehee's First Amendment claim is without merit. Shehee alleges that the defendants retaliated against him for a lawsuit that he filed and for grievances he pursued against them. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir.1999) (en banc). A retaliation claim has three elements: 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, i.e., the prisoner's protected conduct motivated at least in part the adverse action. *Id.* at 394.

Shehee has not sufficiently alleged that a causal connection exists between the adverse action and any protected conduct. Shehee alleges that the defendants confiscated some of his legal papers, changed his work schedule, and temporarily withheld some of his pay for acting as an inmate legal advisor. While he asserts that the defendants' actions were in retaliation for the grievances and lawsuit he filed, he presents no facts to support this assertion beyond his conclusory allegations. Such conclusory allegations are insufficient to show that the defendants were motivated by the exercise of Shehee's First Amendment rights, *see Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996), and bare allegations of malice on the defendants' part are not enough to establish retaliation claims

against them. *See Crawford–El v. Britton*, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

■ Shehee's access to the courts claim also is without merit. In order to prevail on a denial of access to the courts claim, Shehee must show that the defendants' actions prejudiced his efforts, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996), and that actual injury resulted to a nonfrivolous legal claim from the defendants' conduct. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir.1999).

Shehee has not shown that he suffered any actual injury because his legal claim was frivolous. Shehee previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, but the district court denied it as an improper attempt to file a successive motion to vacate under 28 U.S.C. § 2255. After this court affirmed that decision on appeal, *Shehee v. Perez*, No. 99–5960, 2000 WL 571950 (6th Cir. May 2, 2000) (unpublished order), Shehee planned to file a petition for a writ of certiorari with the Supreme Court. However, he maintains that the defendants' confiscation of some of his legal papers prevented him from filing a timely petition. Even if the defendants' actions did impact Shehee's ability to file a certiorari petition, his underlying claim was clearly frivolous. This court and the district court had determined that the § 2241 petition was an improper attempt to circumvent the limitation on filing successive § 2255 motions, and Shehee has not shown any likelihood that the Supreme Court would have granted certiorari and reviewed this determination.

■ Shehee also argues that the defendants interfered with the access to the courts of other inmates he was assisting as

a legal advisor because they confiscated the inmates' legal papers that he possessed. However, a plaintiff can only assert his own legal rights and interests, and he cannot rest a claim for relief on the legal rights and interests of third parties. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir.1999). Therefore, Shehee does not have standing to raise these claims for the other prisoners.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.