**James W. CLARK, Jr., Plaintiff–Appellant,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA; Tdoc; Kevin Myers, Warden; Linda Rochell, Assistant Warden; Howard Cook, Assistant Commissioner; Dan Devers, Unit Manager; Vikki Ethington, Grievance Chairperson; Sergeant Floyd**

Lang; Sergeant Almo Rodriguez, Corrections Officers; Debora Schaffer, Mental Program Counselor; Jack Anderson, Supervisor; D. Hall, c/o One Corrections Officer; (f/n/u) Hefner, Grievance Chairperson, Defendants–Appellees.

No. 03–6377.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

James W. Clark, Jr., Clifton, TN, pro se.

Gustavus A. Puryear, IV, Kimberly J. Dean, Deputy Attorney Gen, Office of the Attorney General, Nashville, TN, for Defendants–Appellees.

Before: GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

James W. Clark, Jr., appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clark filed his complaint in the district court alleging that, after he was placed in medical segregation following an unprovoked attack by a fellow inmate, legal documents were lost or stolen from his belongings. In addition, Clark alleged that he was issued a retaliatory misconduct report. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Clark filed a motion to alter or amend the judgment and to amend his complaint, which the district court denied. Clark filed a timely notice of appeal. On appeal, Clark contends that the district court erred in dismissing his complaint, in denying his motions to alter or amend the judgment and to amend his complaint, and in denying him leave to proceed in forma pauperis on appeal.

The district court dismissed plaintiff's complaint sua sponte for failure to state a claim upon which relief can be granted, which it is authorized to do pursuant to 28 U.S.C. § 1915A. Section 1915A directs the district court to review prisoner civil rights complaints "before docketing, if feasible or, in any event, as soon as practicable after docketing" and to dismiss the complaint if plaintiff has not stated a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915A(a) & (b)(1). Similarly, § 1915(e)(2)(B) provides that the district court shall dismiss a case filed in forma pauperis anytime the court determines that the complaint fails to state a claim upon which relief can be granted or seeks money damages from an immune defendant. This court reviews the dismissal of a complaint under 28 U.S.C. § 1915A de novo. *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint should be dismissed where the complaint is construed in the light most favorable to plaintiff, all factual allegations are taken as true, and the district court determines that plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993). Here, the district court properly dismissed plaintiff's complaint.

First, the district court correctly concluded that plaintiff failed to state a claim upon which relief can be granted for a denial of his right to access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Essentially, plaintiff alleged only that unspecified legal materials were missing from his property after his transfer to medical segregation. After plaintiff's informal inquiries were unsuccessful, plaintiff alleged that he filed a grievance on December 2, 2002. On December 19, 2002, defendant unit manager Devers ordered that plaintiff's cell be searched and that all of plaintiff's legal materials be seized. Notably, plaintiff did not allege that the search of his cell and the seizure of his legal materials was retaliatory, and documents appended to plaintiff's complaint reflect that the legal materials were returned to plaintiff.

While a First Amendment right to access to the courts clearly exists, *see Bounds v. Smith,* 430 U.S. 817, 821–24, 97

S.Ct. 1491, 52 L.Ed.2d 72 (1977), no claim for interference with this right exists unless plaintiff alleges that defendants prevented him from filing a non-frivolous legal claim challenging his conviction. *See Lewis,* 518 U.S. at 351–54. Plaintiff must allege that he has suffered an actual injury to state a claim. *See id.* at 349–54. Plaintiff must allege that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented. *See id.* at 354–56.

Here, plaintiff did not sufficiently allege any such interference in this case. On the contrary, the district court correctly concluded that plaintiff offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous claim. Thus, plaintiff failed to state a cognizable First Amendment claim.

■ Similarly, the district court correctly concluded that plaintiff failed to state a claim upon which relief can be granted for retaliation. Plaintiff alleged only that two defendants consistently conspired to restrict his access to the prison law library, and that one of these defendants issued him a meritless disciplinary report that subsequently was dismissed. A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) defendant took an adverse action against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between the first two elements, that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Here, the district court correctly concluded that plaintiff did not allege any facts that might show a causal connection between the disciplinary report and any constitutionally protected conduct. Under these circumstances, plaintiff failed to state a claim upon which relief can be granted for retaliation.

■ Finally, it is noted that plaintiff's remaining claims on appeal lack merit. First, the district court properly denied plaintiff's motion to alter or amend the judgment and to amend his complaint because district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to Prison Litigation Reform Act screening provisions. *See Benson v. O'Brian,* 179 F.3d 1014, 1015–16 (6th Cir.1999); *McGore,* 114 F.3d at 612. Further, the district court did not abuse its discretion in denying plaintiff leave to proceed in forma pauperis on appeal under the circumstances of this case. *See Phipps v. King,* 866 F.2d 824, 825 (6th Cir.1988).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.