**Betty Jean MURPHY, Plaintiff–Appellant,**

v.

**Bill REED, et al., Defendants–Appellees.**

**No. 00–6321.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

### ORDER

Pro se federal prisoner Betty Jean Murphy appeals a district court's grant of summary judgment that dismissed her suit brought under the authority of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Murphy claimed that a federal prison guard improperly touched her during a "pat down" search. She claimed that the guard's supervisor engaged in a cover-up of the wrongdoing and retaliated against her by interfering with her legal mail, with her requests for medical attention, and with her communications with family members.

The magistrate judge recommended that the district court grant summary judgment in favor of the defendants. The magistrate judge also cautioned Murphy that a timely and specific response to the report and recommendation was required to preserve her issues for review. The district court granted summary judgment in favor of the defendants, noting that Murphy had failed to file particularized objections to the magistrate judge's report.

In her timely appeal, Murphy raises a battery of appellate claims; nevertheless, she has not addressed whether she has waived appellate review. The defendants argue that Murphy waived appellate review by failing to file particularized objections to the magistrate judge's report.

A party who does not file objections to a magistrate judge's report and recommendation, after being advised to do so, waives her right to appeal. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Exceptional circumstances, however, will warrant an exception to the rule in the interests of justice. *See Thomas v. Arn,* 474 U.S. 140, 155 & n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Murphy is proceeding pro se; nevertheless, no exceptional circumstances exist here.

Waiver in this case is appropriate. Although the court holds pleadings filed by pro se litigants to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), there is no cause for extending this lenient standard to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). The requirements for responding to a magistrate judge's report are clear, and—as noted above—the magistrate judge specifically cautioned Murphy that a particularized response was needed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.