**Louis HAMMOND, Plaintiff–Appellant,**

v.

**SCHATZ UNDERGROUND CABLE, Defendant–Appellee.**

No. 02–5748.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

## ORDER

Pro se Tennessee resident Louis Hammond appeals a district court judgment that dismissed his employment discrimina-

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

tion suit. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 29, 2001, Hammond, an African–American, filed suit in federal district court, claiming that he was discriminated against on the basis of his race and retaliated against by the defendant, Schatz Underground Cable, while he was employed in an hourly position as a flagman. Specifically, Hammond alleged that, despite the "excellence" of his performance on the job as an hourly worker, he was never promoted even though others who were hired after him were promoted. Hammond also alleged that African–American employees were disciplined more harshly than white employees and that the defendant had racially discriminatory hiring, transfer, and promotion policies. However, in his deposition, Hammond testified that his claims against the defendant are not related to any general allegedly discriminatory practices or policies of the defendant but, instead, relate to his own treatment by the defendant. Lastly, Hammond alleged that he was fired from his job as a flagman because of his race. The defendant successfully moved the court for summary judgment on the grounds that Hammond failed to establish a prima facie case of discrimination and, alternatively, that the discharge was for a legitimate, non-pretextual reason.

In his timely appeal, Hammond has filed an initial brief that does not address whether he established a prima facie case of discrimination or whether the defendant's reason for the discharge was pretextual.

Upon review, we conclude that Hammond has abandoned his appeal by failing to brief the germane issue: whether the district court erred in concluding that he failed to establish a prima facie case of discrimination. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (concerning waiver by failure to brief). Despite this court's strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must still brief the issues advanced "with some effort at developed argumentation." *United States v. Reed,* 167 F.3d 984, 993 (6th Cir.1999) (internal quotations and citation omitted). Hammond's brief ignores the reasons his suit was dismissed.

We note that the district court properly granted summary judgment for the defendant as there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Hammond was not entitled to relief because he did not establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Braithwaite v. Timken Co.,* 258 F.3d 488, 493 (6th Cir.2001). Moreover, even if Hammond had established a prima facie case, the defendant has pointed to unrefuted evidence which shows that Hammond was discharged for a legitimate, non-pretextual reason, *i.e.,* poor job performance. *See McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.