**Elizabeth FULAKIS, Plaintiff–Appellant,**

v.

**COLUMBUS PUBLIC SCHOOLS, Defendant–Appellee.**

No. 02–3374.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

*ORDER*

Pro se Ohio resident Elizabeth Fulakis appeals a district court judgment dismissing her complaint filed under the Ameri-

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

cans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 9, 2001, following the issuance of a Notice of Right–to–Sue by the Equal Employment Opportunity Commission ("EEOC") on January 11, 2001, Fulakis filed this action against her former employer, Columbus Public Schools ("CPS"). As best as can be gleaned from the record, it appears that Fulakis was employed by CPS in a secretarial position from April 9, 1999, to December 17, 1999. In her complaint, Fulakis claims that she has been "abused and neglected" and that her "freedom of speech [has been] totally revoked." Fulakis claims that she is "intent on resolving hate crimes pertaining to my well contained disability [sic]."

Additional facts can be gleaned from Fulakis's memorandum in opposition to CPS's motion for judgment on the pleadings. In particular, Fulakis states that a review of her job performance, which apparently cast her in a negative light, was "neglected and saved until an altercation with another employee provided the ending of my job." Fulakis further claims that she was "abused by being told that I did not answer the phone." In addition, Fulakis states that she was made to attend meetings allegedly designed to "abuse me by providing undue stress." Fulakis also claims that another secretary, who was allegedly absent from work more than Fulakis, was not required to provide supporting medical documentation.

With respect to her alleged disability, Fulakis states that one Yvonne Jones "demanded that I prove my disability on paper with a doctor's letter stating that I am competent and what medications I am taking." Fulakis fails to specify the nature of her disability or whether any accommodations were sought. The defendant successfully moved the court for judgment on the pleadings on the grounds that: 1) Fulakis's claims of "abuse and neglect" are not cognizable; 2) the allegation that her freedom of speech was "revoked," is wholly conclusory and; 3) she failed to establish a prima facie case for discrimination under the ADA. This appeal followed.

Fulakis has abandoned her appeal by failing to brief the germane issues: whether the district court erred in concluding that: 1) Fulakis's claims of "abuse and neglect" are not cognizable; 2) the allegation that her freedom of speech was "revoked," is wholly conclusory and; 3) she failed to establish a prima facie case for discrimination under the ADA. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (concerning waiver by failure to brief). Despite this court's strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must still brief the issues advanced "with some effort at developed argumentation." *United States v. Reed,* 167 F.3d 984, 993 (6th Cir.1999) (internal quotations and citation omitted). Fulakis's brief ignores the reasons her suit was dismissed.

In any event, the district court properly granted judgment on the pleadings in favor of CPS. *See Meador v. Cabinet for Human Res.,* 902 F.2d 474, 475 (6th Cir. 1990). Fulakis fails to state any viable claim. Fulakis's claims of "abuse and neglect" are not cognizable. Further, while Fulakis claims that her freedom of speech was "revoked," the allegation is wholly conclusory and fails to provide any detail

that would allow the court to consider the viability of the claim. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Finally, Fulakis fails to set forth any facts that would demonstrate that she satisfies the definition of "disabled" for purposes of the ADA. *See Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 810 (6th Cir.2000). Further, the pleadings are completely devoid of facts that would support a prima facie case for disability discrimination under the statute. *See Plant v. Morton Int'l, Inc.,* 212 F.3d 929, 936 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.